Filed 7/25/16  P. v. Brown CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B269794 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA131512) |
| v. | |
| DARRELL ALLEN BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed.

Michelle T. Livecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Darrell Allen Brown pled no contest to possession of a firearm by a convicted felon (count 1; Pen. Code, § 29900, subd. (a)(1));[1] carrying a concealed firearm (count 2; § 25400, subd. (a)(2)); and carrying a loaded firearm (count 3; § 25850, subd. (a)).  Further, Brown admitted he had suffered two prior section 459 first degree residential burglary convictions that qualified as prior strikes and as prior convictions with a prison term.  (§§ 667, subds. (b)-(j); 1170.12; 667.5, subd. (b).)  The trial court initially granted probation.  At that time the court imposed an aggregate sentence of eight years in state prison, and suspended its execution.  Later, the court found Brown violated the terms of his probation, and imposed the previously pronounced sentence.  Appointed counsel on appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm the judgment.

## FACTS

### *The Firearm Crimes*

On January 23, 2014, Los Angeles County Sheriff's Department (LASD) Detective Michael Knieriem initiated a traffic stop.  While talking to the driver, Detective Knieriem noticed Brown put a sweatshirt over his lap.  Detective Knieriem searched Brown outside the vehicle.  As Detective Knieriem was instructing Brown to spread his feet apart, there was "a loud thump on the ground," and Detective Knieriem saw that a handgun had fallen from the waistband area of Brown's pants.[2]

In February 2014, the People filed an information charging Brown as noted above.  On July 16, 2014, Brown waived his constitutional rights and plead no contest to all three counts, and admitted the prior conviction allegations.  In accord with the negotiated plea agreement, the trial court sentenced Brown to an eight-year term as follows:  on count 1, section 29900, subdivision (a)(1), the court imposed the high term of three years, doubled to six years for a prior strike, plus two one-year terms for the prior convictions with a prison term.  As to count 2, section 25400, subdivision (a)(2), and count 3, section 25850,

---

[1]     All further undesignated section references are to the Penal Code.

[2]     Because Brown negotiated a guilty plea, our summary of the facts is taken from the preliminary hearing testimony.

2

subdivision (a), the court imposed a term of one-third the midterm, or eight months, doubled to 16 months for the prior strike. The court then stayed sentence on counts 2 and 3 pursuant to section 654. The court stayed execution of the whole sentence and placed Brown on probation for five years on the condition that he serve 124 days in the county jail with credits for 62 actual plus 62 days of local conduct credit for a total of 124 days. The court ordered Brown to pay various fines and fees.

*The Probation Violation Proceedings*

On May 27, 2015, the trial court revoked Brown's probation. On January 12, 2016, the court held a probation revocation hearing.

Two witnesses testified at Brown's probation revocation hearing: LASD Deputy Martin Munoz and Brown. Deputy Munoz testified that he was on patrol with another deputy sheriff when he saw Brown and another person walking down the street. When Brown saw the deputies, he took a handgun from his pants and put it by a chain link fence covered with a bush by the side of the road. Munoz and his partner went to detain Brown for questioning, but he jumped a fence and fled. A helicopter followed Brown, and other deputies arrested him at another location. Deputy Munoz recovered the gun from the bush. Shortly thereafter, Deputy Munoz went to the other location, where he identified Brown. During questioning after waiving his *Miranda*[3] rights, Brown said that he saw the gun in the bush, and went to look at it when he saw the police, and that he ran away because he was afraid he would go to jail. Brown testified that he did not possess a gun.

The trial court found Brown in violation of his probation possessing a firearm. The court imposed the previously imposed sentence, described above. The court awarded Brown the previous credit he received on July 16, 2014 and also awarded conduct credits of 590 days.

Brown filed a timely notice of appeal.

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

**DISCUSSION**

We appointed counsel to represent Brown on appeal. Appointed counsel filed an opening brief pursuant to *Wende, supra,* 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues. We then notified Brown by letter that he could submit any claim, argument or issues that he wished our court to review. Brown has not filed any claims or arguments.

**DISPOSITION**

We have independently reviewed the record on appeal, and find that appointed counsel has fulfilled her duty, and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.) The judgment is affirmed.

                                                                BIGELOW, P.J.

We concur:


        RUBIN, J.


        GRIMES, J.

4